IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL PAUL KUNZLER,<br><br>    Plaintiff,<br><br>v.<br><br>DAN BRIGGS et al.,<br><br>    Defendant. | **AMENDED<br>PRETRIAL ORDER**<br><br>Case No. 1:16-cv-109<br><br>Judge Clark Waddoups |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, but superseding local rule DUCivR 16-1, the procedures and practices set forth in this Order must be followed at the trial of this matter, except for good cause shown.

1. **Dates**. A Final Pretrial Conference is set for Wednesday, January 11, 2023 at 1:30 p.m. The four-day jury trial shall commence on Friday, January 20, 2023 at 8:30 a.m. for the purpose of addressing any final pretrial matters and selecting a jury. The presentation of evidence shall begin on Monday, January 23, 2023 and is anticipated to continue through Thursday, January 26, 2023.

2. **Partial Sequestration of a Jury**. The Jury will be partially sequestered pursuant to General Order 22-012.

3. **Final Pretrial Conference**. At the Final Pretrial Conference, each party[1] should be prepared to do the following: (1) identify and discuss the issues in the case; and (2) specify how much time they will need for presentation of the evidence. The parties should be prepared to

---

[1] The singular references to plaintiff and defendant in this order shall refer to the plural as applicable.

1

discuss the allocation of time available for the presentation of evidence between the parties assuming 5.25 hours each day. The court may use a chess clock to keep track of the time used by each side. Except for good cause shown, a party will not be allowed more time than the amount allocated at the pre-trial conference.

    4.    **Number of Jurors.** During jury selection, seven (7) individuals will be selected to serve as members of the jury. The verdict must be unanimous.

    5    **Trial Schedule.**

    a.    On the first day of trial, the parties are required to appear at 8:30 a.m. to resolve any outstanding pretrial matters. Jury selection will begin at approximately 9:00 a.m. and the selected jury will be dismissed for the day as soon as they are sworn in. Counsel should be prepared to settle the preliminary jury instructions immediately after the jury is dismissed.

    b.    On the second and successive days of trial, the court will bring the jury into the courtroom by 8:30 a.m. each day. The parties must, therefore, be in the courtroom by 8:15 a.m. each morning. This is to avoid delay in bringing the jury into the courtroom, and to allow time to address any preliminary matters outside the presence of the jury. If a party has a matter to address before the jury is brought in, the party should notify chambers the evening before by sending an e-mail to utdecf_waddoups@utd.uscourts.gov. In circumstances where an issue is not known until the morning of trial, the party should inform the Courtroom Deputy by 8:15 a.m. that there is a matter to discuss outside the presence of the jury.

    c.    With the exception of the first and last day of trial, trial will be held each day from 8:30 a.m. until approximately 2:30 p.m., with a 15-minute break at mid-morning and a 30-minute lunch break at noon. The parties should schedule witnesses to be available on this schedule. The parties should plan for lunch breaks that do not exceed 30 minutes.

      d.      On the last day of trial, closing arguments must be concluded no later than 2:00 p.m. so the jury may begin deliberations at a reasonable time.

      6.      **Pretrial Notice Requirement.**  The plaintiff, including any counter or cross claimant, shall submit a Pretrial Notice that states each cause of action the plaintiff is proceeding on at trial.  The plaintiff also shall list all elements that must be proved for each cause of action, as well as the standard of proof for that claim.  The plaintiff's Pretrial Notice must be submitted to the court no later than fourteen (14) days before the Final Pretrial Conference.

The defendant, including any counter or cross-claim defendant, shall also submit a Pretrial Notice that states each defense to the causes of action listed by the plaintiff.  Additionally, if a defendant believes that a cause of action has not been preserved or that plaintiff has articulated incorrect elements for that cause of action, the defendant must state its objection in the notice.  The defendant's Pretrial Notice must be submitted to the court no later than seven (7) days before the Final Pretrial Conference.

If the Pretrial Notices show there is agreement among the parties as to the remaining causes of action and elements, those Notices shall control at trial.  If there is any disagreement the court will address the matter at the Final Pretrial Conference and issue an order that will control at trial.  Any cause of action or defense that is not preserved in the pretrial notice will be dismissed with prejudice.

      7.      **Exchange of Witness Lists.**  Each party must exchange with all other parties a list of witnesses the party will call or may call at trial. The plaintiff must provide the witness list to other parties no later than twenty-one (21) days before the Final Pretrial Conference.  The defendant must provide the witness list to the other parties no later than fourteen (14) days prior to the Final Pretrial Conference.  Except for good cause shown, witnesses who are not disclosed

on the witness list will not be permitted to testify.

8. **Exchange of Exhibits.** The parties must exchange with all other parties copies of each exhibit to be used at trial. The plaintiff must provide such exhibits to all other parties no later than twenty-one (21) days before the Final Pretrial Conference. The defendant must provide such exhibits to the other parties no later than fourteen (14) days prior to the Final Pretrial Conference. The parties should use reasonable effort to avoid duplication of any exhibit pre-marked by any other party. Exhibits to be exchanged shall include all evidence to be offered except the following: oral testimony to be offered at trial, sworn deposition testimony, documents to be used solely for impeachment, demonstrative exhibits created in connection with oral testimony at trial, and objects or other physical evidence. Photos of objects and other physical evidence, however, must be exchanged. Copies must be exchanged in electronic media, but may also include a hard copy. The parties will be required to report to the court at the Final Pretrial Conference whether this requirement has been completed.

9. **Pre-marking Exhibits.** At the time the parties exchange their exhibits, the exhibits must be marked for identification numerically preceded by a designation of the party offering the exhibit, such as, "Plaintiff's Exhibit _____" or "Defendant's Exhibit _____." The parties are to designate a range of numbers to be used by each party to avoid the same number being used for more than one exhibit. For example, if plaintiff elects the numeric range of 1 to 100, the defendant would begin at the numeric range of 200. Alphabetic identification is not permitted.

10. **Electronic Copies of Exhibits for Trial.** All exhibits that have been pre-marked must be presented to the Courtroom Deputy in electronic media at the 8:30 a.m. hearing set for Friday, January 20, 2023. The acceptable electronic formats are pdf, jpeg, wma or wmv. If an exhibit is marked at trial that was not previously provided to the Courtroom Deputy, the new

exhibit must be submitted electronically to the Courtroom Deputy on the same day it is marked at trial.

    11.    **Hard Copies of Exhibits for Trial.**  The parties shall make three hard copies of all exhibits that have been pre-marked.  At the 8:30 hearing on Friday, January 20, 2023, the parties shall give the hard copies to the Courtroom Deputy: one copy for the Judge, one copy for the law clerk, and one copy for the jury.  When a previously unmarked exhibit is admitted into evidence during trial, hard copies of that exhibit shall be handed to the Courtroom Deputy for the judge, law clerk, and jury binders.  When an object or physical evidence has been admitted, along with its corresponding photo, the photo shall be handed to the Courtroom Deputy for placement in the jury binder.

    12.    **Reconciliation of Exhibits.**  At the conclusion of *each* day of trial, counsel for each party shall meet with the Courtroom Deputy to confirm on the record that all exhibits admitted that day have been entered onto the court's official witness and exhibit list and are located in the jury binder.  Immediately prior to jury deliberations, counsel shall review the compiled jury binder and certify on the record that the exhibits contained in the jury binder are correct and complete copies of the exhibits received in evidence.  Failure to do so shall constitute a waiver.

    13.    **Pretrial Objections.**  The requirement for objections to exhibits under Federal Rule of Civil Procedure 26(a)(3)(B) is superseded by this order. Any objection as to the authenticity of an exhibit, as defined by Federal Rule of Evidence 901, must be made in writing no later than seven (7) days before the Final Pretrial Conference.  The challenges to the authenticity of an exhibit will be addressed at the Final Pretrial Conference. All other objections to the admissibility of an exhibit are reserved until the exhibit is offered at trial.

14. **Exchange of Sworn Testimony.** A party intending to offer sworn testimony from a deposition or other proceeding must identify the testimony by line and page number in the transcript. Highlighting the portions of sworn testimony to be read will constitute adequate identification under this requirement. Sworn testimony to be presented by video media must be edited to display only the testimony designated.

The identified testimony must be provided to all opposing parties no later than 6:00 p.m. two days in advance of when the sworn testimony will be used. For example, a deposition to be used during trial on Monday must be provided to opposing counsel no later than 6:00 p.m. on Saturday evening. Any counter designation must be identified no later than 6:00 p.m. on the evening before the testimony is to be offered. Any objections must be raised and will be resolved by the court before the sworn testimony is read or displayed to the jury.

15. **Motions in Limine.** All *Daubert* motions and motions in limine must be filed on or before Tuesday, November 15, 2022. Opposition memoranda must be filed within fourteen (14) days after service of the motions. Reply memoranda, if any, must be filed within seven (7) days after service of the opposition memoranda. The court's intent is that all briefing on pre-trial motions shall be completed no later than forty-five (45) days before trial. Accordingly, any deviation from this schedule, for good cause, must be approved by the court and may not be modified solely by stipulation of the parties.

16. **Pretrial Submissions.** The plaintiff, including any counter or cross claimant, must submit no later than fourteen (14) days prior to the Final Pretrial Conference, and the defendant, including any counter or cross-claim defendant, must submit no later than seven (7) days prior to the Final Pretrial Conference, any amendments or supplements to their prior filings for the following:

      a.      Witness lists.

      b.      Exhibit lists.

      c.      Proposed Voir Dire questions. Proposed questions should be drafted in a form that can be answered in writing with a "yes" or "no." A "yes" answer should indicate that there may be a need for additional follow up questions in chambers. For example, "Are you aware of any reason why you cannot serve impartially on the jury in this case?"

      d.      Proposed Preliminary Instructions for the jury.

      e.      Proposed Final Jury Instructions.

      f.      Proposed Verdict Form.

Any amended item or supplement shall be filed on the docket and shall be sent to the chambers email address (utdecf_waddoups@utd.uscourts.gov) in either MS Word or Word Perfect. The court's stock voir dire and preliminary/general jury instructions are located at http://www.utd.uscourts.gov/judge-clark-waddoups and should be considered a starting point for the parties' submissions, unless an explanation for the proposed departure is provided.

      17.      **Closing Argument.** Closing argument will follow the court's final instructions to the jury. The plaintiff is cautioned that any closing rebuttal argument must be limited to addressing new issues raised during the defendant's closing argument. The court will sustain an objection and instruct the jury to disregard rebuttal argument that could and should have been made in the plaintiff's initial closing argument. The plaintiff's closing argument must be structured to allow the defendant a fair opportunity to address the argument in its closing.

18. **Vouching.** Counsel are further cautioned that they should be certain that prior to giving closing argument they understand and avoid improper vouching. The court will sustain an objection to improper vouching and instruct the jury that the argument is improper.

19. **Podium.** Counsel is not permitted to stray more than an arm's length from the podium and should keep in mind that the acoustics of the courtroom are not well suited to engaging the jury or ensuring an accurately transcribed record unless counsel speaks into the microphone. During opening statements and closing arguments, counsel may angle the podium toward the jury box.

20. **Rules of Evidence.** The court has the responsibility to act as a gatekeeper to ensure that the evidence presented at trial is reliable. The Rules of Evidence have evolved over many years of experience in the courts as the talisman of reliability. The court has confidence that it best accomplishes its required duty by carefully following the Rules of Evidence. Two rules require particular attention: leading questions for disputed issues of fact and speaking objections in the presence of the jury. Counsel should be aware—and prepare accordingly—that the court will sustain objections and may admonish counsel in the presence of the jury if these rules are not carefully observed. Counsel may ask to approach the bench if more than a single word objection is necessary.

SO ORDERED this 22nd day of August, 2022.

BY THE COURT:

_/s/ Clark Waddoups_
Clark Waddoups
United States District Judge