David W. Brown, #5671
Attorney for Plaintiff
2880 West 4700 South, Suite F
Salt Lake City, Utah 84129
Telephone: (801) 964-6200
law.davidwbrown@gmail.com

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MICHAEL PAUL KUNZLER, | **MEMORANDUM TO EXCLUDE DEFENDANT'S EXHIBIT: DOPL STIPULATION AND ORDER** |
| Plaintiff, | |
| v. | |
| DAN BRIGGS, | Case No. 1:16-cv-00109 |
| Defendant. | Judge Clark Waddoups |

Plaintiff, by and through his counsel of record, hereby moves this Court for an Order excluding Defendant's Exhibit 101, Signed Stipulation and Order, In re Michael Kunzler, DC (DOPL case).

The Stipulation was discussed at length during the March 11, 2020 Final Pretrial Conference and the Motion in Limine. A copy of the Stipulation and Order, from Utah's Division of Occupational and Professional Licensing of the Department of Commerce, is attached hereto as Exhibit 1. The Court Docket at 100 states the Court will allow Plaintiff to brief the issue of whether the stipulation should go to the jury. The Court ruled that the Stipulation would serve as an intervening event to stop Plaintiff's economic damages as of March 1, 2017, the date the Stipulation and Order was

signed. Hearing Transcript at 34-41.

In the Stipulation, Plaintiff "neither admits nor denies that the facts set forth below are true...." Exhibit 1 at ¶8a. Those facts included Plaintiff advertising a weight loss program with no diet or no strenuous diet, non-refundable sums ranging from $1600 to $4,000, and "two patients later claimed they were unable to participate in the program due to medical conditions but were denied refunds because they had begin the program and missed scheduled appointments." *Id.* Those facts formed the basis for the administrative findings and conclusion that Dr. Kunzler had engaged in unprofessional conduct. *Id.* at ¶8b.

## ARGUMENT
### I. The General Rule Is that Decisions in Administrative Agency Actions Are Not Admissible in Later Civil Cases.

Admission of Exhibit 101 at trial would violate the general rule that decisions in administrative agency actions are not admissible in later civil cases.

In *Jones v. Dole Food Company, Inc.*, 2011 WL 13362979 (W.D. N. Carolina), the court "found that even a finding of discrimination by the EEOC in the administrative process is inadmissible in a subsequent civil action. *Labor v. Harvey*, F3d 404, 420 (4th Cir. 2006)."

> If such findings or allegations were admissible or binding in subsequent civil litigation, Title VII's goal of resolving issues short of trial would be frustrated. To understand the fundamental flaw in plaintiff's argument, he need look no further than to the unfairness that he would suffer if an employer's response to an administrative charge of discrimination or a decision adverse to him by the EEOC were deemed wither admissible or an admission by *him*. If such were the case, there simply would be no opportunity for de novo judicial review as bureaucrats at the EEOC, rather than judges and juries, would decide who had

and who had not violated Title VII. Judge Cayer's legal determination is clearly consistent with current case.

Id. at *3.

In a malpractice case against a cardiologist, Bright v. Sorensen, 463 P.3d 626 (Utah 2020), the Utah Supreme Court accepted the parties' agreement that the "DOPL prelitigation panel's decision 'is not admissible evidence in th[is] subsequent litigation.'" Id. at 631 n.1.

In the instant case, this Court should likewise rule that DOPL's administrative decision is not admissible.

In a pharmaceutical malpractice case in which the patient sued the pharmacist, she sought to admit joint stipulations of the pharmacist and the Board of Pharmacy. Missouri v. Malan, 942 S.W. 2d 424 (Mo. App. 1997). The Board had filed an administrative complaint against a registered pharmacist alleging she had compounded drugs from bulk chemicals and made dispensing errors or illegal substitutions that endangered the health of her customers. In a stipulation, the pharmacist and Board resolved the administrative matter with her "admission" that she incorrectly filled prescriptions and substituted drugs. The pharmacist admitted facts solely for the purpose of settlement, and not as an admission of liability. Id. at 426-27. The lower court had ruled they could read or introduce portions of the joint stipulations at trial. On appeal, the court ruled the jury could not be informed about the fact of the prior

settlements. *Id.* at 428.[1]

The danger of admitting evidence of settlements is that the trier of fact may believe that the fact that a settlement was attempted is some indication of the merits of the case. See 2 John W. Strong, McCormick on Evidence §266 (4th ed. 1991). As a result, "[i]f offers of settlement were admitted in evidence, they would have the natural tendency with the jury to denigrate the defense position at trial. No one would make offers if the risk of their being before the jury were a necessary corollary of the offer." (citation omitted).

*Id.* at 428.

The pharmacist's admission about wrongfully filling prescriptions is similar to Dr. Kunzler's admissions about problems with his weight loss program. The stipulations in each case are remarkably similar. Dr. Kunzler neither admitted nor denied the facts leading to the DOPL finding against him. In *Malan*, the pharmacist agreed with the damaging facts merely for settlement and not as an admission or liability. *Id.* at 426-27.

The sound reasoning articulated by the court in *Malan* should be adopted by this Court. The jury easily could be misled or influenced to apply the Stipulation's language to the merits of this case, and make similar findings against Plaintiff.

In the context of a criminal case, the defendant's "testimony and evidence at an administrative hearing shall not be admissible in a subsequent criminal proceeding." *State v. Feldhacker*, 76 Hawaii 354, 359, 878 P.2d 169, 174 (2005).

## II. The Exhibit Would Violate Rule 403 by Misleading or Confusing the Jury.

Rule 403 of the Federal Rules of Evidence states:

---

[1]This rationale also has "been applied to prevent admission of a prior civil settlement as an aid to establishing the validity of a later worker's compensation claim." *Malan*, 942 S.W.2d at 428 (citations omitted).

4

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one of or more of the following; unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Under the facts of this case, the probative value of the Stipulation is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury.

The only relevance or probative value of the Stipulation deals with it limiting/stopping Plaintiff's ability to work as a chiropractic physician or in the field of weight loss after March 1, 2017. Based on this Court's ruling at the March 11, 2020 hearing, Plaintiff does not oppose Defendant's request to cut off certain of his economic damages as of that date. Plaintiff would stipulate his lost wages as a chiropractor and other business-related losses would terminate as of that date.

The Stipulation cannot impact Plaintiff's claims for damages from the April 23, 2015 Media Alert until March 1, 2017. By the time Plaintiff resolved the DOPL case on March 1, 2017, he already had lost his business, his equipment, and his long-term chiropractic career. The Stipulation also does not affect his ongoing claim for non-economic damages, such as emotional distress. See transcript at 37.

Defendant previously has argued that in the Stipulation Plaintiff acknowledged "his license to practice as a chiropractic physician was expired and revoked, that he would not advertise or provide chiropractic and healing arts services or treatments, including weight loss services, and that he would not seek relicensure for six months from the date of the stipulation, or September 2017." Defendant Dan Briggs' Motion in

Limine at 23. However, none of those facts are relevant to the issues the jury needs to determine in this case.

There are a multitude of reasons why the Stipulation and Order should not be admitted as an exhibit:

1. This case is a civil matter to determine if Defendant published defamatory statements in a press release, labeled as a Media Alert, on April 23, 2015. The Stipulation and Order do not address the Media Alert in any fashion.

2. The significant lapse of time between April 23, 2015 and March 1, 2017 lessen the Stipulation's relevance.

3. The Stipulation and Order arose out of an administrative action filed by Utah's Division of Occupational and Professional Licensing of the Department of Commerce. The rules and procedures governing such a case are completely different than those in this Court.

4. The attorney who represented Plaintiff in the DOPL case, Harold L. Reiser, stated the following in his Declaration, which was filed as Exhibit 41 in Plaintiff's summary judgment response:

> Dr. Kunzler did not admit any of the facts in the administrative Stipulation. He "neither admits or denies that the facts set forth below are true, but admits that there may be sufficient evidence that a fact finder could find ...." Ex. 25, ¶ 8.
> The only two patients referenced in the Stipulation are Linda O'Toole, a 2012 weight loss patient, and Ron Gowers, a chiropractic patient. See Exhibit 25, ¶ 8(a).

Mr. Gowers was an interesting patient who did video testimonials for Plaintiff. See Plaintiff's trial Exhibit 18, which is on file with the Court.

6

5. By admitting the Stipulation into evidence, it will create the scenario of a trial within a trial. It will require lengthy testimony from Plaintiff and Reiser to explain the Stipulation and put it into proper perspective. It does not appear Defendant has identified any witness who could testify about the Stipulation. By March, 2017, the Media Alert had ruined Plaintiff's career. His reputation was so badly damaged that he knew he could never again practice as a chiropractic physician. Plaintiff had no reason or incentive to keep fighting the DOPL case.

6. The Stipulation contains language and findings regarding Dr. Kunzler's purported "unprofessional conduct." Stipulation at ¶8. Such a phrase is confusing, ambiguous, not defined, and highly prejudicial. There is no reason to inject such phrases into this case.

7. A reasonable alternative to entering the Stipulation as an exhibit at trial is for the parties to draft a brief stipulation which could be read to the jury. It could read something like this: The parties stipulate that Plaintiff's economic damages for lost wages as a chiropractor and other business-related losses would terminate as of March 1, 2017.

### III. The Stipulation Is Unfairly Prejudicial to Plaintiff

Rule 403 is designed to exclude evidence such as the Stipulation, which is only marginally relevant. The only possible relevance is to act as an intervening cause to limit Plaintiff's economic damages effective March 1, 2017. The Stipulation does nothing to enlighten the jury about the Media Alert.

On the other hand, the Stipulation is likely to confuse the issues, mislead the jury, and unfairly prejudice the Plaintiff.

"'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. 403, Advisory Committee Notes, 1972 Proposed Rules.

The Stipulation can only be interpreted as a means to shift the focus from Defendant's defamatory actions to Plaintiff losing his ability to practice as a chiropractor.

Although it is clear Plaintiff did not admit any facts in the Stipulation, it is possible the jury could misunderstand the nature of the Stipulation and the plain language of it. The Stipulation's conclusion that Dr. Kunzler engaged in unprofessional conduct, without referencing any date or time frame for such conduct, is extremely prejudicial.

## CONCLUSION

For the foregoing reasons, this Court should exclude the Stipulation and Order as a trial exhibit. The parties should draft a brief stipulated paragraph explaining certain economic damages are stopped as of March 1, 2017.

DATED this 10th day of July, 2023.

/s/ David W. Brown
David W. Brown
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of July, 2023, the preceding **MEMORANDUM TO EXCLUDE DEFENDANT'S EXHIBIT: DOPL STIPULATION AND ORDER** was e-filed with the Court, which sent notice to the following :

Kyle J. Kaiser
Heather Chesnut
Assistant Attorneys General
Heber M. Wells Building
160 East 300 South, 6th floor
P.O. Box 140856
Salt Lake City, UT 84114-0856

                                                          David W. Brown



# Exhibit 1

DIVISION OF OCCUPATIONAL AND PROFESSIONAL LICENSING
~~Mark Steinagel, Director~~ STEVE DUNCOMBE, ACTING DIRECTOR
Department of Commerce
P.O. Box 146741
160 East 300 South
Salt Lake City, Utah 84114-6711

---

## BEFORE THE DIVISION OF OCCUPATIONAL AND PROFESSIONAL LICENSING OF THE DEPARTMENT OF COMMERCE OF THE STATE OF UTAH

| IN THE MATTER OF THE LICENSE OF | : |
| --- | --- |
|  | : **STIPULATION AND ORDER** |
| MICHAEL KUNZLER, DC | : |
| TO PRACTICE AS A CHIROPRACTIC PHYSICIAN IN THE STATE OF UTAH | : CASE NO DOPL 2015-218 |
|  | : JUDGE DIBB |

Michael Kunzler (Respondent) and the Division of Occupational and Professional Licensing of the Department of Commerce of the State of Utah (Division) hereby stipulate and agree as follows:

1. The Respondent admits to the jurisdiction of the Division over himself and over the subject matter of this action.

2. The Respondent acknowledges that he is entering into this Stipulation and Order ("stipulation) knowingly and voluntarily.

3. The Respondent understands that he has the right to be represented in this Matter, and has been represented by counsel at all stages of this proceeding. Respondent is currently represented by Hal Reiser of Cohne Kinghorn.

4. The Respondent understands that he is entitled to a hearing before the State of Utah's Chiropractic Physician Licensing Board ("Board") or other Division presiding officer, at which time he may present testimony and evidence on his own behalf, call witnesses, and confront adverse witnesses.

State Defs 000485

5. Respondent understands that, by entering into this stipulation, Respondent knowingly and voluntarily waives the right to a hearing, the right to present evidence and testimony on his own behalf, and the right to call and confront witnesses, as set forth in Utah Code Section 63G-4-301 through 63G-4-405, and Utah Administrative Code R 151-46b-12 through 15.

6. The Respondent and the Division hereby express their intent that this matter be resolved expeditiously through a stipulation as contemplated in Utah Code Section 63G-4-102(4).

7. The Respondent understands that, if approved, this stipulation and any subsequent order arising from this stipulation will be classified as a public document. The parties understand and agree that the Division may release this Stipulation and other information about this disciplinary action against the Respondent's license and to other persons and entities.

8. The Respondent neither admits nor denies that the facts set forth below are true, but admits that there may be sufficient evidence that a fact finder could find the following Findings of Fact and Conclusions of Law and therefore stipulates to the entry of the following findings of fact and conclusions by the Division and Board:

    a. Dr. Kunzler advertised a weight loss program using terms such as "no diet," "no strenuous diet," or "no radical lifestyle changes." After clients, including clients who are "elder adults" pursuant to Utah Code Section 62A-3-301(11), paid or agreed to pay a non-refundable sum for the program that ranged from $1600.00 to $4000.00 per client, clients were provided a very low calorie diet, with supplements. Two patients later claimed that they were unable to participate in the program due to medical conditions but were denied refunds because they had begun the program and missed scheduled appointments.

    b. Based on the above findings of fact and conclusions of law, the Board and Division can find and conclude that Dr. Kunzler engaged in unprofessional conduct pursuant to Utah Code Section 58-73-501(7).

2

**State Defs 000486**

9. Based on the entry of the above findings of fact and conclusions of law, Dr. Kunzler agrees that an Order may be entered in this matter imposing the following sanctions and restrictions on his license:

STIPULATED ORDER FOR DISCIPLINE:

1. Respondent's license to practice as a chiropractic physician is hereby revoked, with the revocation stayed immediately upon the following terms and conditions.

2. Respondent's license is currently expired and he shall not advertise or provide chiropractic and healing arts services or treatments, including weight loss services, whether provided individually or through any company or business that Respondent owns or operates, in whole or in part.

3. Respondent's license shall remain expired until such time as he is relicensed. Respondent agrees not to apply to be relicensed for a period of six months from signing this agreement. Upon being relicensed, either here or in another state, the Respondent shall be placed on probation and Respondent may only practice as described in paragraph 2 upon Respondent's compliance with the following conditions and to the satisfaction of the board:

   a. Respondent demonstrates that his advertising does not reference "no strenuous diet" or any similar terms and that advertising will be approved by the Board for weight loss advertising for the term of this agreement;

   b. Respondent shall establish a practice plan, approved by DOPL and the Board, to disclose in writing pricing for chiropractic services and treatments on a per-service, per-treatment, per-visit basis, including a clear refund policy:
      i. Pricing shall be disclosed up front to all patients before any payment is accepted.
      ii. Package pricing for a discount should be disclosed up front and treatment prices should be discounted proportionately.
      iii. Respondent shall have a refund policy for patients who cancel appointments with the DRX 9000 Machine (or similar device), which allows a reasonable cancellation fee for the appointments that cannot be filled by another patient or rescheduled.

3

**State Defs 000487**

    iv. The practice plan does not include the Board approving a fee schedule or individual fees.

  c. Respondent shall establish a refund policy for weight loss patients that include, at a minimum:

    i. A 72 hour pro-rated refund, minus consultation fee.
    ii. A provision for unopened supplements to be returned to Respondent within 14 calendar days for refund, which may include a reasonable restocking fee not to exceed 25%.
    iii. A 14 day refund if the weight loss plan is medically contraindicated, and patient provides documentation that the plan in contraindicated in writing from a physician.

  d. Respondent shall maintain procedures in place to ensure that any weight loss program will be clearly described to the patient in detail prior to payment, including any weight loss plan, and calories to be consumed each day.

  e. Respondent shall ensure his record keeping system documents all patient information, diagnostic processes, treatment actions, and referrals to or from other health service providers, including for weight loss patients.

4. Respondent's license and practice shall be on probation for a period of 4 years.

While under license probation, Respondent shall:

  a. Work under the supervision of a chiropractic physician supervisor pre-approved by the Division and Board. In order to be approved, a supervisor shall demonstrate competency and expertise in the area(s) in which Respondent practices. If Respondent is self-employed in private practice, Respondent shall bear any costs associated with the hiring of a supervisor.

    i. The supervisor shall oversee all aspects of Respondent's professional practice, including business operations and record keeping.
    ii. Respondent shall cause Respondent's supervisor to meet with the Division and Board in person at Respondent's first meeting with the Board to discuss oversight issues and the responsibilities of a supervising chiropractic physician.

  b. Have a practice plan approved by the supervisor and the Board.

  c. Any payment of a supervisor is the responsibility of the Respondent.

**State Defs 000488**

  d. Respondent's supervisor shall review at least 10% of Respondent's patient records. The supervisor, not Respondent, shall select patient records for review. Respondent shall bring patient charts selected at random by Respondent's supervisor to the Division and Board whenever requested by the Division or Board.

  e. Respondent shall cause Respondent's supervisor to submit reports to the Division and Board assessing Respondent's compliance with the substantive and ethical regulations governing the profession. The reports shall be submitted monthly for the first six months of license probation and quarterly thereafter, or at such frequency as directed by the Division or Board. The receipt of an unfavorable report may be considered to be a violation of probation.

  f. Respondent shall meet at least monthly with Respondent's supervisor unless the Division or Board determines a different frequency. Supervision goals shall include staff management and supervision, record keeping, appropriate use of alternate medical practices, and any other issues the supervisor determines are pertinent to the professional and ethical practice of chiropractic medicine.

5. Respondent shall notify any employer or practice associate of Respondent's license probation. Respondent shall provide a copy of this final order to any employer or practice associate and cause any such employer or practice associate to acknowledge in writing receipt of this final order.

6. If Respondent is fully compliant with this agreement and has no subsequent violations, Respondent may file for an early review of his probationary status, but Respondent may not file for such review for at least two years from the date of the relicensing.

7. While on probation, Respondent shall be subject to random investigation by the Division, with or without notice, whether announced or undercover. Respondent shall cooperate with the Division, including providing patient records and other information.

8. Respondent shall meet with the Board at its first regularly-scheduled meeting following issuance of this order. Thereafter, Respondent shall meet with the Board quarterly for

**State Defs 000489**

the first year of probation and as directed by the Board during the remainder of his license probation.

9. In the event Respondent does not practice for a period of sixty (60) days or longer, Respondent shall notify the Division and Board in writing of the date Respondent ceased practicing. The period of time in which Respondent does not practice shall not be counted toward the time period of his license probation. It shall be within the discretion of the Division and Board to modify this requirement if Respondent satisfactorily explains to the Division and Board that compliance in Respondent's case is impractical or unduly burdensome. Respondent shall work at least twelve (12) hours per week to be considered "practicing" as a chiropractic physician.

10. If Respondent leaves the State of Utah for a period longer than sixty (60) days, Respondent shall notify the Division and Board in writing of the dates of Respondent's departure and return. Respondent shall notify the licensing authorities of the jurisdiction to which Respondent moves of the provisions of this final order. Periods of residency or practice outside of the State of Utah may apply to the license probation period if the new state of residency places equal or greater conditions upon Respondent as those contained in the final order.

11. Respondent shall immediately notify the Division in writing of any change in Respondent's residential or business address.

12. Respondent shall maintain an active license at all times during the period of probation. Failure to do so shall be considered a violation of Respondent's probation.

13. Respondent acknowledges that failure to comply with any term or condition of his license probation may result in the Division lifting the stay of Respondent's license revocation. Respondent is entitled to an informal administrative hearing by the Board, and waives any right to a formal hearing for failure to comply with the terms or conditions of license probation.

**State Defs 000490**

14. Should Respondent violate or fail to comply with any term or condition of his license probation, his license to practice as a chiropractic physician in the State of Utah shall be immediately suspended until such time as Respondent remedies his violation or failure and comes into full compliance.

15. If a new petition is filed by the Division against the Respondent during his period of probation, the period of probation shall be automatically extended until all matters alleged in a new petition are fully resolved, including any time for appeal.

16. This Stipulation, upon approval by the Director of the Division, shall be the final compromise and settlement of this matter. The Respondent acknowledges that the Director is not required to accept the terms of the Stipulation, and that if the Director does not do so, this Stipulation and recommendations contained herein shall be null and void except that the Division and the Respondent waive any claim of bias or prejudice the Respondent might have with regard to the Director by virtue of the Director having reviewed this stipulation and this waiver shall survive any nullification of this document.

17. The Respondent agrees to abide by and comply with all applicable Federal and State laws, regulations, rules and orders related to the Respondent's licensed practice.

18. The Respondent understands and agrees that nothing in this settlement shall affect any enforcement action that might be brought by a criminal prosecutor or any other federal, state or local enforcement agency.

19. This document constitutes the entire agreement between the parties and supersedes and cancels any and all prior negotiations, representations, understandings and agreements between the parties regarding the subject of this stipulation. There are no verbal agreements that modify, interpret or construe this agreement.

**State Defs 000491**

20. The parties agree that the terms and conditions of this Stipulation shall become effective immediately upon the signing of the Order page of this Stipulation by the Division Director.

21. The Respondent has read each and every paragraph contained in this stipulation and has sought the advice of counsel in this matter. The Respondent understands each and every paragraph and has no questions about any paragraph or provision contained in this document and he agrees with each and every paragraph contained herein.

22. Respondent signs this stipulation freely and voluntarily, and affirms that he was not coerced or influenced, prejudiced or bullied in any way into signing this stipulation.

DIVISION OF OCCUPATIONAL &
PROFESSIONAL LICENSING

By: _____
ALLYSON PETTLEY
Bureau Manager

Date: 3/1/17

By: _____
MICHAEL KUNZLER
Respondent

Date: 3-1-2017

APPROVED AS TO FORM:

SEAN REYES
ATTORNEY GENERAL

By: _____
THOM D. ROBERTS
Counsel for the Division

Date: 3/1/17

HAROLD REISER
RESPONDENT'S COUNSEL

By: _____
HAL REISER
Counsel for Respondent

Date: 3-1-2017

8

State Defs 000492

## ORDER

THE ABOVE STIPULATION, in the matter of **MICHAEL P. KUNZLER, DC**, is hereby approved by the Division of Occupational and Professional Licensing, and constitutes my Findings of Fact and Conclusions of Law in this matter. The issuance of this Order is disciplinary action pursuant to Utah Administrative Code R156-1-102(7) and Utah Code Ann. § 58-1-401(2). The terms and conditions of this Stipulation are incorporated herein and constitute my final Order in this case.

DATED this __1ST__ day of __March__, 2017.

DIVISION OF OCCUPATIONAL AND
PROFESSIONAL LICENSING

~~MARK B. STEINAGEL~~ STEVE DUNCOMBE
ACTING Director

9

**State Defs 000493**

## CERTIFICATE OF SERVICE

I hereby certify that on the \_1\_ day of March, 2017 a true and correct copy of the foregoing STIPULATION AND ORDER was served on the parties of record in this proceeding by mailing a copy thereof, properly addressed by first class mail with postage prepaid, to the following:

MICHAEL PAUL KUNZLER
471 W HERITAGE PARK BLVD STE 3
LAYTON UT 84041

Emailed copy to the following:

Hal Reiser, Attorney for Respondent: hreiser@cohnekinghorn.com

Thom D. Roberts, Assistant Attorney General
Susan H. Eisenman, Assistant Attorney General

Kim Lesh
Administrative Secretary
Division of Occupational
and Professional Licensing